IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Crim. No. 09-61-SLR |
| CARIN SEALS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM**

At Wilmington this 4th day of February, 2015, having considered defendant's motion for reduction of sentence and the papers submitted in connection therewith, the court will deny said motion, for the reasons that follow:

1. **Background.** On February 7, 2011, the court sentenced defendant to 48 months of incarceration for conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349. (D.I. 20) Defendant, proceeding pro se, has filed a motion seeking a reduced sentence. (D.I. 21) Defendant avers that, while incarcerated, she has: (1) completed rehabilitative programs and classes; (2) accepted full responsibility for her actions; and (3) learned the importance of family. She wishes to be released in order to be with her family and contribute to her community.

2. **Standard of Review.** "Congress has generally prohibited district courts from 'modify[ing] a term of imprisonment once it has been imposed.'" *United States v. Savani*, 733 F.3d 56, 60 (3d Cir.2013) (quoting 18 U.S.C. § 3582(c) (2006)). The Supreme Court has recognized that 18 U.S.C. § 3582(c)(2) is "a narrow exception to the

rule of finality." *Dillon v. United States*, 560 U.S. 817, 827 (2010). Section 3582(c) authorizes courts to modify a sentence of imprisonment under three circumstances: (1) when the Director of the Bureau of Prisons moves to reduce the sentence for certain reasons; (2) when modification is permitted under Fed.R.Crim.P. 35 (to promptly correct a clear error or to reduce the sentence for substantial assistance); and (3) when the Sentencing Commission has reduced the applicable guidelines range after the defendant was sentenced. *United States v. Jones*, 515 Fed. Appx. 783, 784 (10th Cir.2013) (citing § 3582(c)).

3. The Supreme Court recently held that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Pepper v. United States*, 562 U.S. 476, __, 131 S.Ct. 1229, 1241 (2011). This holding, however, applies only to the circumstance where a defendant is being resentenced; it does not create another route for modifying a sentence already imposed apart from the exceptions created by Congress in § 3582(c). *See United States v. Clavielle*, 505 Fed. Appx. 597, 598 (7th Cir.2013).

4. **Discussion.** Defendant has moved for a reduction based on rehabilitative efforts and acceptance of responsibility for her criminal conduct and its consequences. Accordingly, none of the circumstances identified in § 3582(c) for sentence reduction exist here.

5. Moreover, defendant's contention that the Supreme Court's decision in *Pepper* allows for sentence reduction in her case is not correct. In the absence of being

2

**resentenced,** defendant's post-sentencing rehabilitative efforts are commendable, but not sufficient to warrant sentence **modification** pursuant to § 3582(c).

6. **Conclusion.** For the reasons stated, the court lacks jurisdiction to reduce defendant's sentence. *United States v. Bax,* 386 Fed. Appx. 39, 41 (3d Cir. 2010). Defendant's motion will be denied and an order shall issue.

                                                                                              _____
                                                                                              United States District Judge